UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                              Case Nos.:   3:01cr79/RV/CJK
                                                             3:16cv608/RV/CJK

MICHAEL J. DURANT

_____/

ORDER AND REPORT AND RECOMMENDATION

Defendant Michael J. Durant moved for relief from his federal sentence by filing a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." (ECF No. 149).   The Government filed a response (ECF No. 151) and Defendant filed a reply.   (ECF No. 157).   More recently, Defendant filed a motion for leave to amend and for appointment of counsel.   (ECF Nos. 161, 162).   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   The § 2255 motion should be denied without an evidentiary hearing.   See Rules Governing Section 2255 Cases 8(a) and (b).

PROCEDURAL BACKGROUND

On August 8, 2001, a grand jury charged Defendant in a single count indictment with conspiracy to distribute five or more kilograms of cocaine and fifty or more grams of cocaine base in violation of Title 21 U.S.C. § 846.   (ECF No. 1.) After Defendant's arrest in February of 2002, the Government filed a Notice of Enhancement pursuant to 21 U.S.C. § 851.   (ECF No. 14.)   In the notice the Government identified two prior felony drug convictions.   The first conviction, for possession of a controlled substance in Escambia County Case No. 96-2246-CFA6-01, is the subject of the instant § 2255 motion.   The second conviction was for possession with intent to deliver cocaine and possession of cocaine, in Escambia County Case No. 97-4055-CFA-01.   Defendant's first trial, on June 10-13, 2002 resulted in a hung jury.   (ECF No. 60.)

On June 19, 2002, the grand jury returned a superseding indictment extending the length of the charged conspiracy through Defendant's arrest on February 5, 2002. (ECF No. 64.)   Defendant proceeded to trial on the superseding indictment, and after a two-day trial in July of 2002, the jury found him guilty as charged.   (ECF Nos. 69, 71.)

Case Nos.: 3:01cr79/RV/CJK; 3:16cv608/RV/CJK

Defendant's Presentence Investigation Report reflected a minimum term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) due to Defendant's two prior felony drug convictions.   (ECF No. 160.)   Defendant affirmed those convictions at sentencing.   (ECF No. 86 at 26-27.)   The court imposed a life sentence as required by law, but stated "[i]t is my determination that if I had leeway under the guidelines without the statutory restriction I would impose a sentence of less than life, but greater than 360 months, which is within the guidelines range."[1]   (ECF No. 86 at 29.)

Defendant appealed, arguing district court error in denying his motion for judgment of acquittal and in denying two separate motions to suppress.   (ECF No. 99.)   The Eleventh Circuit found no error and affirmed, with the mandate issuing July 1, 2003.

Defendant timely filed a motion to vacate pursuant to 28 U.S.C. § 2255 in January of 2004.   (ECF No. 101.)   In that motion, Defendant argued that counsel was constitutionally ineffective with respect to his handling of the pre-trial plea process, and that counsel failed "to undertake a good faith analysis of all of the

---

[1] The revised guidelines range, after the court sustained a defense objection, was 360 months to life, based on a total offense level of 42 and a criminal history category of I.   (ECF No. 160.)

relevant facts and applicable legal principals." (ECF No. 101 at 4, 7.) In short, Defendant did not challenge the enhancement or underlying conviction that is the subject of his most recent motion. Defendant moved to dismiss his first § 2255 motion in seeming hopes of obtaining the benefit of a Rule 35 motion. (ECF No. 112.) The Government filed an explicit response advising that it did not intend to file such a motion, and the court granted Defendant's request without prejudice. (ECF Nos. 113-116.)

In 2009 and 2010, the court denied separate motions to reduce sentence, and in 2015 it *sua sponte* entered an order noting that Defendant's sentence was not impacted by Amendment 782. (ECF Nos. 117, 124, 125, 128, 147.)

In 2016, Defendant requested leave from the Eleventh Circuit to file a second or successive § 2255 motion, which request the court denied as unnecessary. (ECF No. 148.) Defendant filed the instant § 2255 motion on November 4, 2016, pursuant to the prison mailbox rule. (ECF Nos. 148, 149.) In the motion, Defendant's lone claim for relief is that the district court erroneously sentenced him to an enhanced sentence based on a prior Florida felony drug conviction for which adjudication had been withheld. The Government responded in opposition, claiming the motion was untimely, procedurally barred, and without merit. In May

Case Nos.: 3:01cr79/RV/CJK; 3:16cv608/RV/CJK

of 2018, the court denied Defendant's motion to hold the § 2255 motion in abeyance

pending his attempt to challenge the conviction in question in state court under Rule

3.850 of the Florida Rules of Criminal Procedure.    (ECF No. 158, 159.)

Defendant's original motion and a recently-filed Motion for Leave to Amend remain

pending.

## ANALYSIS

General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction

and sentencing."    *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014).

Collateral review is not a substitute for direct appeal, and therefore the grounds for

collateral attack on final judgments pursuant to § 2255 are extremely limited.    A

prisoner is entitled to relief under section 2255 if the court imposed a sentence that

(1) violated the Constitution or laws of the United States, (2) exceeded its

jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise

subject to collateral attack.    *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657

F.3d 1190, 1194 n.8 (11th Cir. 2011).    "Relief under 28 U.S.C. § 2255 'is reserved

for transgressions of constitutional rights and for that narrow compass of other injury

that could not have been raised in direct appeal and would, if condoned, result in a

complete miscarriage of justice.'"    *Lynn v. United States*, 365 F.3d 1225, 1232

(11th Cir. 2004) (citations omitted).    The "fundamental miscarriage of justice"

exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that

it must be shown that the alleged constitutional violation "has probably resulted in

the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues

raised in a section 2255 motion which have been resolved on direct appeal.

*Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United

States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340,

1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).

Once a matter has been decided adversely to a defendant on direct appeal, it cannot

be re-litigated in a collateral attack under section 2255.    *Nyhuis*, 211 F.3d at 1343

(quotation omitted).    Broad discretion is afforded to a court's determination of

whether a particular claim has been previously raised.    *Sanders v. United States*,

373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual

allegations . . . or supported by different legal arguments . . . or couched in different

language . . . or vary in immaterial respects").

Case Nos.: 3:01cr79/RV/CJK; 3:16cv608/RV/CJK

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234‒35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (*quoting Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.   *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).   To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.   *Strickland v. Washington*, 466 U.S. 668, 686 (1984).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.   *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."   *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted).   To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   *Strickland*, 466 U.S. at 694.   Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.

*Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (*citing Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).

"[T]he cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099. "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (*quoting Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might

Case Nos.: 3:01cr79/RV/CJK; 3:16cv608/RV/CJK

have helped his case does not direct a finding that counsel was *constitutionally*

*ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records

conclusively show that the prisoner is entitled to no relief."    *See* 28 U.S.C. §

2255(b); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).    Not every

claim of ineffective assistance of counsel warrants an evidentiary hearing.    *Gordon*,

518 F.3d at 1301 (*citing Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)).

To be entitled to a hearing, a defendant must allege facts that, if true, would prove

he is entitled to relief.    *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th

Cir. 2015).    A hearing is not required on frivolous claims, conclusory allegations

unsupported by specifics, or contentions that are wholly unsupported by the record.

*See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)

(explaining that "a district court need not hold a hearing if the allegations [in a §

2255 motion] are . . . based upon unsupported generalizations") (internal quotation

marks omitted).    Even affidavits that amount to nothing more than conclusory

allegations do not warrant a hearing.    *Lynn*, 365 F.3d at 1239.    Finally, disputes

involving purely legal issues can be resolved by the court without a hearing.

Case Nos.: 3:01cr79/RV/CJK; 3:16cv608/RV/CJK

Procedural Bar

The Government first contends that Defendant's claim of district court error at sentencing is procedurally barred because he did not raise this issue on appeal. Defendant's motion incorporates a claim that counsel was constitutionally ineffective for his failure to establish both at sentencing and on appeal that the conviction in question did not meet the requirements of §§ 841 and 851 because adjudication was withheld.   (ECF No. 149 at 4.)   A meritorious claim of ineffective assistance of counsel can constitute cause for a seeming procedural bar. *See Nyhuis*, 211 F.3d at 1344.

Timeliness

In his original motion, Defendant asserts that the facts supporting his claim became available only after the Florida Supreme Court's February 11, 2016, decision in *Clarke v. United States*, 184 So. 3d 1107 (Fla. 2016), and that the motion, filed within one year of that decision, is therefore timely.   (ECF No. 149 at 11.) Defendant also purports to rely on "actual innocence."

The Government takes the position that Defendant could have timely raised his claim that a conviction in which adjudication is withheld is not a valid conviction or predicate offense under §§ 841 and 851, but that he chose not to do so.

Case Nos.: 3:01cr79/RV/CJK; 3:16cv608/RV/CJK

Furthermore, it argues that the development of case law on the issue of what does or does not constitute a "conviction" under a different statutory scheme does not justify the untimely filing.   The analysis in the following section does not support Defendant's position that his motion is timely.

Likewise, the actual innocence doctrine does not provide a gateway for filing the untimely motion.   Defendant's claim is not one of "actual" innocence but rather "legal" innocence of his enhanced sentence.   (ECF No. 151 at 7-8.)

Merits

The crux of Defendant's claim is that he should not have been subject to a statutory mandatory life term because his prior plea of *nolo contendere* was not a proper predicate for the § 851 enhancement.   Defendant simultaneously contends that this issue arose out of case law that did not develop until 2016 and that his attorneys were constitutionally ineffective for failing to raise or develop this issue.

In *United States v. Mejias*, 47 F.3d 401 (11th Cir. 1995), the Eleventh Circuit Court of Appeals held that "federal law rather than state law defines what constitutes a 'conviction' for purposes of section 841(b)(1)(B)."   *Mejias*, 47 F.3d at 404. Shortly thereafter the Eleventh Circuit held that "a state offense in which the defendant pleads *nolo contendere* and adjudication is withheld pending completion

Case Nos.: 3:01cr79/RV/CJK; 3:16cv608/RV/CJK

of probation constitutes a "prior conviction" for purposes of the enhancement provision of 21 U.S.C. § 841." *United States v. Fernandez*, 58 F.3d 593, 600 (11th Cir. 1995). The following year, the court reaffirmed that a "prior plea of *nolo contendere* with adjudication withheld in Florida state court is a 'conviction' that supports an enhanced sentence" under 21 U.S.C. § 851. *United States v. Smith*, 96 F.3d 1350, 1351 (11th Cir. 1996); *see also Harrell v. United States*, Cases 8:13-cv-2388-T-33AEP, 8:09cr265-T-33AEP, 2014 WL 4626548 (M.D. Sept. 13, 2014) (*citing Fernandez* and *Mejias* as binding precedent). Thus, binding precedent at the time of Defendant's sentencing foreclosed the argument Defendant now makes. Counsel were not constitutionally ineffective for their failure to pursue such a claim.

In 2015, the Eleventh Circuit was presented with a case in which a defendant convicted of a violation of § 922(g), the federal felon in possession statute, alleged that he did not have a prior "conviction" under Florida law. Title 18 U.S.C. § 921(a)(20) provides that whether a conviction qualifies as a prior conviction for purposes of § 922(g) "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." Considering the defendant's claim, the Eleventh Circuit certified a question to the Florida Supreme Court asking whether that state treats a guilty plea for a felony with adjudication withheld as a

"conviction" for purposes of Florida's felon in possession statute.    *United States v.*

*Clarke*, 780 F. 3d 1131 (11th Cir. 2015).    The Supreme Court of Florida answered

the question in the negative, holding that proof of a felony "conviction" for the

purpose of the offense of possession of a firearm by a convicted felon requires proof

of an adjudication of guilt.    *Clarke v. United States*, 184 So. 2d 1107, 1116 (Fla.

2016).    In reliance on this opinion, the Eleventh Circuit vacated the defendant's

§ 922(g)(1) conviction, because he was not a convicted felon under state law.

*United States v. Clarke*, 822 F.3d 1213, 1215 (11th Cir. 2016).    In an unpublished

opinion entered the same day, the Eleventh Circuit ruled that it was not plain error

for the district court to consider this same prior Florida conviction, for which

adjudication was withheld and the defendant received a suspended sentence, as a

prior conviction under 21 U.S.C. §§ 841 and 851.    *United States v. Clarke*, 649 F.

App'x 837, 848-849 (11th Cir. 2016).    In so holding the Eleventh Circuit noted the

defendant's attempts to distinguish *Fernandez* and *Mejias*, but reaffirmed that absent

any controlling precedent on point, no plain error could appear.    *Id.* at 849.    In

sum, neither of the *Clarke* opinions overruled or undermined *Fernandez* or *Mejias,*

and Defendant Durant's prior conviction was properly considered as a basis for the

enhancement in this case.

Case Nos.: 3:01cr79/RV/CJK; 3:16cv608/RV/CJK

For sake of completeness, the court notes several additional arguments raised in Defendant's reply and his motion to amend.   First, in his reply, Defendant points out that when he petitioned the sentencing court to dismiss the conviction in question in 2014, the court entered an order stating that it had found no evidence that an adjudication of guilt had been entered, and therefore his petition failed to state a claim for which relief could be granted.   (ECF No. 157 at 18-19.)   This fact does not affect the federal court's consideration of his claim under the case-law cited above.

Next, Defendant attempts to factually distinguish his case from the situation presented in *Mejias*.   Defendant states that while the *Mejias* petitioner was sentenced to a probationary period and had the opportunity to appeal, Defendant "was not sentenced" on the charge in question and did not have the opportunity to appeal.   (ECF No. 157 at 9.)   According to Defendant, therefore, his conviction "did not exist."   The PSR reflects that Defendant was sentenced, albeit only to "time served."   (ECF No. 160, PSR ¶ 62.)   The amount of time Defendant served is not clear from the PSR.   (ECF No. 160, PSR ¶¶ 13, 62.)   Nonetheless, Defendant's argument does not entitle him to relief.

Case Nos.: 3:01cr79/RV/CJK; 3:16cv608/RV/CJK

Finally, the argument in Defendant's motion to amend that *Clarke* should be extended beyond Florida law to apply to the definition of "conviction" under federal law, specifically § 841 is, unfortunately, lacking in supportive authority. Defendant argues that no court "has any authority to place a construction on a state statute different from the one rendered by the highest court of the State." *Johnson v. Fankell*, 520 U.S. 911, 916 (1997). But that is not what happened in *Clarke*. The Florida Supreme Court's ruling was limited to the question with which it was presented: whether a guilty plea for which adjudication was withheld qualified as a conviction under section 790.23, Florida Statutes. The court is not persuaded that *Clarke* opened the door to Defendant's argument. *See Clarke*, 649 F. App'x at 849. "The meaning of the word 'conviction' in a federal statute is a question of federal law unless Congress provides otherwise." *United States v. Baker*, 680 F. App'x 861 (11th Cir. 2017) (*quoting Mejias*, 47 F.3d at 403); *see also United States v. Maupin*, 520 F. 3d 1304, 1306-1307 (11th Cir. 2008) (noting that what constitutes a "conviction" for purposes of 18 U.S.C. § 2252A(b) was a question of federal law instead of state law, distinguishing statutes such as 18 U.S.C. § 922(g)(1) that specifically rely on state law). The *Baker* court declined to extend *Clarke* to a case involving a different statute, 18 U.S.C. § 2252A, that specifically provided that

Case Nos.: 3:01cr79/RV/CJK; 3:16cv608/RV/CJK

federal law controls the definition of "conviction."   In so doing the court ruled it was bound by prior panel precedent, until such precedent was overruled.   *Baker*, 680 F. App'x at 866.

Conclusion

For these reasons, Defendant's arguments do not establish that counsel was constitutionally ineffective or that he is entitled to § 2255 relief.   Defendant's motion should be denied in its entirety.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that [t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 3:01cr79/RV/CJK; 3:16cv608/RV/CJK

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1.   Defendant's motion for appointment of counsel (ECF No. 162) is **DENIED as moot** in light of the court's recommendation.

2.  Defendant's Motion for Leave to Amend (ECF No. 161) is **GRANTED** to the extent the court has considered the arguments raised therein in ruling on Defendant's § 2255 motion.

And based on the foregoing, it is respectfully **RECOMMENDED**:

1.   The motion to vacate, set aside, or correct sentence, as amended, (ECF No. 149) be **DENIED.**

2.   A certificate of appealability be **DENIED**.

Case Nos.: 3:01cr79/RV/CJK; 3:16cv608/RV/CJK

At Pensacola, Florida, this 17th day of August, 2018.


_/s/_ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.


Case Nos.: 3:01cr79/RV/CJK; 3:16cv608/RV/CJK